IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GERI BACHMAN,<br><br>Plaintiff,<br><br>vs.<br><br>HICKMAN MILLS C-1 SCHOOL DISTRICT,<br>AND<br><br>YAW OBENG AND DERRICK JORDAN, SR.,<br>IN THEIR OFFICIAL AND PERSONAL<br>CAPACITIES,<br>AND<br><br>CAROL GRAVES, BYRON TOWNSEND,<br>ANN E. COLEMAN, IRENE C. KENDRICK,<br>BETH BOERGER, AND BRANDON WRIGHT<br>IN THEIR OFFICIAL CAPACITIES AS<br>DIRECTORS OF THE BOARD OF<br>EDUCATION,<br><br>Defendants. | Case No. 4:23-cv-00931-FJG |

**REPLY SUGGESTIONS IN SUPPORT OF MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 4

II. ANALYSIS ....................................................................................................................... 4

    A.    Counts I, II, and IV Fail to State a Claim Because the Alleged Speech was not Protected by the First Amendment. ....................................................................... 4

    B.    Counts III, IX and X Fail to State a Claim Because Adhering to Anti-Discrimination Policies is not an Infringement Upon Religion. ............................ 8

    C.    Count V Fails to State a Claim Because as a Matter of Law the District did not Engage in Religious Discrimination. ....................................................................... 9

    D.    Count VI Fails to State a Claim because Plaintiff has not Pled she Engaged in any Protected Activity Under Title VII. .................................................................... 14

    E.    Counts VII and VIII Fail to State a Claim because the MHRA is Plaintiff's Exclusive State Law Remedy for Claims Against Her Employer and the RFRA does not Apply to the Defendants or the Directive. .............................................. 15

1

      F.     Count X Should be Dismissed Based on Qualified Immunity ............................ 16
III.    CONCLUSION ................................................................................................................ 17

# **TABLE OF AUTHORITIES**

**Cases**

*Boudoin v. Harsson*, 962 F.3d 1034, 1040 (8th Cir. 2020).............................................................. 16

*Brandon v. Bd. of Educ. of City of St. Louis*, 2023 WL 4104293 at *19 (E.D. Mo. 2023) .... 15, 16

Buehrle v. City of O'Fallon, 695 F.3d 807, 811-12 (8th Cir. 2012) ................................................... 5

*Cronquist v. City of Minneapolis*, 237 F.3d 920, 928 (8th Cir. 2001).......................................... 10

*District of Columbia v. Wesby*, ––– U.S. –––, 138 S. Ct. 577, 590, 199 L.Ed.2d 453 (2018).... 16

*Equal Emp. Opportunity Comm'n v. Kroger Ltd. Partnership I*, 608 F. Supp. 3d 757, 790 (E.D. Ark. 2022).................................................................................................................................. 14

Garcetti v. Ceballos, 547 U.S. 410, 418, 421, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006) ............... 5

*Garcetti v. Ceballos*, 547 U.S. 410, 420-421 (2006) ....................................................................... 7

*Gibson v. Am. Greetings Corp.,* 670 F.3d 844, 853 (8th Cir.2012)............................................... 10

*Groenewold v. Kelley*, 888 F.3d 365, 371 (8th Cir. 2018).......................................................... 4, 5

*Groff v. DeJoy*, 600 U.S. 447, 143 S. Ct. 2279, 216 L.Ed.2d 1041 (2023) ............................ 12, 13

*Kluge v. Brownsburg Community School Corporation* 432 F.Supp.3d 823, 838-839 (S.D. Ind. 2020) ............................................................................................................................. 5, 6, 7, 17

*Kluge v. Brownsburg Community School Corporation*, No. 1:19-cv-02462-JMS-KMB, 2024 WL 1885848, (S.D. Ind. April 30, 2024) ............................................................................. 11, 12, 14

*L.G. through M.G. v. Columbia Pub. Sch*., 990 F.3d 1145, 1147–48 (8th Cir. 2021).................. 16

Lane v. Franks, ––– U.S. –––, 134 S.Ct. 2369, 2379, 189 L.Ed.2d 312 (2014) )......................... 5

*Lane v. Franks*, 573 U.S 228, 238 (2014)....................................................................................... 5

*Lindsey v. City of Orrick*, 491 F.3d 892 (8th Cir. 2007).................................................................. 7

Lyons v. Vaught, 781 F.3d 958, 961 (8th Cir. 2015)....................................................................... 4

Lyons v. Vaught, 875 F.3d 1168, 1172 (8th Cir. 2017).................................................................. 4

*Matthews v. WalMart Stores, Inc*., 417 F. App'x 552, 554 (7th Cir. 2011).................................. 12

*Seaworth v. Pearson*, 203 F.3d 1056, 1057 (8th Cir. 2000) ......................................................... 11

*Shirrell v. St. Francis Medical Center*, 793 F.3d 881, 887 (8th Cir. 2015).................................. 10

*Willey v. Sweetwater County School District #1 Board of Trustees*, 2023 WL 9597101, at *8 (D. Wyo. 2023) ................................................................................................................ 5, 6, 7, 17

## I.   INTRODUCTION

In response to Defendants' Motion to Dismiss [Doc. 10], Plaintiff has dismissed some of her claims.[1]  However, for the remaining claims, Plaintiff's Suggestions in Opposition to Defendants' Motion to Dismiss [Doc. 21] (the "Response") fails to provide either legal or factual bases showing Plaintiff's Complaint states a viable claim.  Instead, Plaintiff engages in wordplay and ignores other federal court cases which addressed these exact issues and found the plaintiffs failed to state viable claims.  Accordingly, the Court should follow other federal district courts and dismiss Plaintiff's claims pursuant to Rule 12(b)(6) for failure to state a viable claim.

## II.   ANALYSIS

### A.   Counts I, II, and IV Fail to State a Claim Because the Alleged Speech was not Protected by the First Amendment.

These claims fail as it is settled law Plaintiff's alleged speech is not protected by the U.S. Constitution because the speech was pursuant to her official duties.  Additionally, the alleged speech was not a matter of public concern.

### Plaintiff's Speech is not Protected Because it was Pursuant to Her Official Duties.

As explained by the Eighth Circuit, if speech is pursuant to an employee's job duties, it is not protected

> To establish a claim for employer retaliation under the First Amendment, Dr. Groenewold must show that "he engaged in activity protected by the First Amendment." Lyons v. Vaught, 875 F.3d 1168, 1172 (8th Cir. 2017) (Lyons II) (quoting Lyons v. Vaught, 781 F.3d 958, 961 (8th Cir. 2015) ). **A public employee's speech is protected under the First Amendment if he spoke as a citizen on a matter of public concern, but a public employee's speech is not protected if he spoke pursuant to his official duties**. Buehrle v. City of O'Fallon, 695 F.3d 807, 811-12 (8th Cir.

---

[1] Plaintiff's counsel has indicated in writing Plaintiff will agree to dismiss Plaintiff's claims against Defendants Obeng and Jordan in their official capacities.  Accordingly, Defendants will not address these claims again.

> 2012); see Garcetti v. Ceballos, 547 U.S. 410, 418, 421, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006) (stating that when public employees speak on a matter of public concern pursuant to their official duties, "the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline"). The critical question is "whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." Lyons II, 875 F.3d at 1173 (quoting Lane v. Franks, –– U.S. ––, 134 S.Ct. 2369, 2379, 189 L.Ed.2d 312 (2014) ).

*Groenewold v. Kelley*, 888 F.3d 365, 371 (8th Cir. 2018) emphasis added).

Plaintiff does not dispute that speech which is pursuant to a person's official duties is not protected under the U.S. Constitution. Instead, ignoring existing case authority, Plaintiff makes an unsupported specious argument that Plaintiff's alleged speech was not part of official duties as a teacher. Plaintiff essentially argues that how Plaintiff spoke to students during school was not part of her job duties as it did not concern certain concepts about health and physical education. This is patently absurd and has been rejected by the United States Supreme Court in *Lane v. Franks*, 573 U.S 228, 238 (2014). In *Lane*, the Court stated, **"[t]he critical question under *Garcetti* is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties**." How a teacher communicates with students, specifically by what names she refers to them, is clearly ordinarily within the scope of a teacher's duties.

Plaintiff wants the Court to ignore federal court cases which have specifically addressed whether such speech is protected, namely *Kluge v. Brownsburg Community School Corporation* 432 F.Supp.3d 823, 838-839 (S.D. Ind. 2020) and *Willey v. Sweetwater County School District #1 Board of Trustees*, 2023 WL 9597101, at *8 (D. Wyo. 2023). These two cases are remarkably similar to the present case both factually and in the claims asserted. In both cases, teachers were mandated to refer to students by their preferred names/pronouns. The plaintiff

5

teachers both claimed First Amendment violations by the school. In each case, the trial court dismissed the claims based on the recognition the alleged speech, the names and pronouns teachers are to use when referring to students, is not protected under the First Amendment as such speech is pursuant to the plaintiff's duties as a teacher.

Plaintiff does not address these cases substantively. Instead, Plaintiff resorts to making misleading characterizations of *Kluge*. Plaintiff notes that *Kluge* is "now vacated and remanded." Any implication *Kluge* is not good law for the issues for which it was cited is false. *Kluge* was only vacated regarding Title VII issues, but Defendants did not cite *Kluge* regarding Title VII claims; instead, Defendants only cited *Kluge* in support of dismissal of Plaintiff's First Amendment claims.[2] Additionally, the court in *Willey* similarly cited *Kluge* in support of its dismissal of the plaintiff's claims.

Plaintiff also attempts to distinguish *Kluge* based on the steps the school in *Kluge* took to include the students' preferred names and pronouns into a database and that the students' names were to be used for all communications. Plaintiff cites no authority for her implicit argument that the School District's directive would not be a First Amendment violation had the School District allowed preferred names into a database only after receiving input from parents/medical professionals and/or the students could only be referred to by the names in the database (as opposed to the student being able to choose the name/pronoun to which they wanted to be referred by the individual staff member). These are meaningless distinctions. Not only are they not supported by any legal authority, or even reasoning, they are simply not true. Based on her Complaint and her professed deeply held beliefs, Plaintiff's claims would be the same if the School District had made a database as the one in *Kluge* because Plaintiff would still be required

---

[2] However, since Plaintiff filed her response, after remand, the trial court in *Kluge* dismissed the plaintiff's Title VII religious discrimination claim for the same reason the Court should in the present case. Accordingly, *Kluge* is cited in this Reply as support for dismissing Plaintiff's Title VII religious discrimination claim.

to refer to students by names/pronouns of their choosing which may differ from their biological sex.

*Kluge* is substantively indistinguishable from the present case. Moreover, Plaintiff does not even try to distinguish the *Willey* case from the present case. **Both *Kluge* and *Willey* are directly on point and recognize the exact "speech" at issue in the present case (requiring teachers to refer to students by the names and pronouns of their choosing) is not protected by the First Amendment because such speech is pursuant to the duties of a teacher.** Additionally, *Kluge* recognized such speech is also not protected because it is not a matter of public concern.

Plaintiff cites only one case, *Lindsey v. City of Orrick*, 491 F.3d 892 (8th Cir. 2007), to support her argument that the alleged speech was not part of her official duties. However, *Lindsey* is clearly inapplicable. In *Lindsey*, the plaintiff, a city's public works director, spoke at multiple city council meetings and during a private meeting with the mayor, accused the city of violating state sunshine laws. The plaintiff was allegedly fired for his statements to the city council. The city and mayor filed motions for summary judgment, arguing the plaintiff's speech was not protected because it was pursuant to his job duties. The Eighth Circuit affirmed the trial court's denial of summary judgment. Quoting *Garcetti*, the Eighth Circuit recognized "**when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline**." *Garcetti v. Ceballos*, 547 U.S. 410, 420-421 (2006). The court found that although the plaintiff was present at the meetings pursuant to his job duties to attend city council meetings to present water, sewer and street reports, his statements alleging the city had violated sunshine laws was not part of his duties since "there is

7

no evidence Lindsey's job duties even arguably included sunshine law compliance. . . Thus, we hold his speech regarding compliance was as a citizen." *Lindsey* at 898. In the present case, how Plaintiff addressed students was clearly in the scope of her employment.

**B.    Counts III, IX and X Fail to State a Claim Because Adhering to Anti-Discrimination Policies is not an Infringement Upon Religion.**

The District's directive that staff refer to students by their preferred names and pronouns was not an infringement on Plaintiff's free exercise of religion because the District's directive was (1) neutral and generally applicable as it applied to all faculty, not just to faculty members of a certain religion, and was (2) rationally related to the District's attempt to follow enacted laws regarding gay and transgender rights in school settings.

**The Directive was Neutral and Generally Applicable.**

Plaintiff's Response argues, without supporting authority, the school's directive that teachers must refer to students by the students' preferred names and pronouns was not generally applicable. Plaintiff's argument is entirely based on a mischaracterization of the issue. Plaintiff argues the directive is not generally applicable because students chose the names/pronouns they wished to be referred to, and the students may not have made the same choice for every teacher. However, this misconstrues the issue. The issue is not whether the students' wishes were the same in regard to all teachers; instead, the only relevant issue is whether the School District's directive applied to all teachers. **There is no allegation the School District permitted any teacher to not comply with the directive to refer to students by their preferred names/pronouns)**.[3]    By way of analogy, if the School District had a directive that upon a student's request, a teacher must place the student near the front of the class, said directive is

---

[3] The allegation some teachers got away with not referring to students by their preferred names is irrelevant unless the allegation is that the School District permitted it. There is no such allegation. By analogy, laws against theft are generally applicable even though there may be instances in which people get away with covertly shoplifting.

generally applicable to all teachers even if, for whatever reason, some students do not make the request to every teacher.

There is no allegation the directive was only applied to Christians or to a religious practice. Instead, the directive was applied to all faculty members. In her Response, Plaintiff fabricates a new allegation that the "policy granted secular speakers the right denied to [Plaintiff]." However, there are no "secular speakers," there are only teachers. Again, there is no allegation **any** teacher was permitted by the School District to disobey the directive. Plaintiff resorts to wordplay to give the false impression such non-compliance was permitted. However, the Court should note Plaintiff has not alleged any teacher was permitted by the School District to disobey the directive.

*Kluge* is directly on point regarding the non-viability of Plaintiff's claims. In *Kluge*, the district court considered a teacher's claims that his school's requirement to use students' chosen names "conflicted with his religious beliefs against affirming gender dysphoria," in violation of the Free Exercise Clause. *Id.* at 834. The Court granted defendants' motion to dismiss on this issue, finding the school's directive was neutral and generally applicable because "**it applie[d] to all faculty, not just to faculty members of a certain religion**." *Id.* at 839. "[**E**]**very teacher, regardless of religious belief, was required to address every student by the name**" that the students chose, 'regardless of what that name was or why.' *Id.* The court dismissed the teacher's Free Exercise claim based on this policy. Similarly, the School District's directive applied to all faculty. Accordingly, Counts III, IX and X should be dismissed.

C. <u>Count V Fails to State a Claim Because as a Matter of Law the District did not Engage in Religious Discrimination.</u>

Count V for religious discrimination in employment in violation of Title VII appears to allege two claims (1) Defendants took adverse action against Plaintiff because of her religious

9

beliefs, and (2) Defendants failed to provide a reasonable religious accommodation. As explained below, both claims fail as a matter of law.

**Plaintiff has not Pled a Cognizable Title VII Discrimination Claim.**

Plaintiff has not pled a cognizable Title VII religious discrimination claim. Not only has she failed to plead facts to support two of the elements of her claim, she has pled facts that are in opposition to her meeting the elements of this claim.

> To establish a prima facie case of religious discrimination, a plaintiff must show: (1) she is a member of a protected class because of her religious beliefs, (2) **she met her employer's legitimate expectations**, (3) she suffered an adverse employment action, and (4) **the circumstances give rise to an inference of discrimination**. *See* Gibson v. Am. Greetings Corp., 670 F.3d 844, 853 (8th Cir.2012).

*Shirrell v. St. Francis Medical Center*, 793 F.3d 881, 887 (8th Cir. 2015).

Plaintiff readily admits she did not follow the directive and instead called students by the names she believed were appropriate. In her Response, Plaintiff argues dismissal cannot be based on this because she argues the directive was not "legitimate." This is incorrect. The sole issue is whether it is a legitimate expectation of the School District for its teachers to comply with its directive on how to address students. Neither the Court nor the jury is tasked to act as a super-personnel department deciding whether the directive is a good or bad. *See Cronquist v. City of Minneapolis*, 237 F.3d 920, 928 (8th Cir. 2001)("the employment-discrimination laws have not vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom or fairness of the business judgments made by employers, except to the extent that those judgments involve intentional discrimination). As noted above, the policy is not an infringement on the free exercise of religion or free speech under the First Amendment.

Plaintiff has also not pled facts that give rise to an inference of discrimination. In her Response, Plaintiff again resorts to wordplay and mischaracterizing her Complaint. Plaintiff argues she pled facts giving rise to an inference of discrimination because she allegedly pled "Secular speakers were allowed to address the student using the words Plaintiff was forbidden from using. ¶ 5." However, ¶ 5 does not support this allegation in any way. Additionally, as mentioned before, nowhere in her Complaint does Plaintiff allege teachers with different religious beliefs were permitted by the School District to not follow the directive.

With no supporting authority, Plaintiff makes the specious argument that because *students* allegedly targeted Plaintiff by their name/pronoun requests, she has pled facts of circumstances giving rise to an inference of discrimination by the School District. There is no legal support for the proposition that a school district can be vicariously liable under Title VII for the alleged discriminatory intent of students in choosing the names by which they want to be referred (or for any other reason). Plaintiff's argument fails as a matter of law.

**Plaintiff's Requested Accommodation is an Undue Burden as a Matter of Law.**

Requiring the violation of another law is an undue hardship. *Seaworth v. Pearson*, 203 F.3d 1056, 1057 (8th Cir. 2000). As a matter of law, Plaintiff's requested accommodation is an undue hardship. *Id.* Here, the District's directive was instituted to comply with federal (and possibly state) anti-discrimination laws. Plaintiff's alleged proposed accommodation-to be allowed to refer to students by names and pronouns that do not conform with their gender identity, would be a violation of discrimination laws. *See Kluge v. Brownsburg Community School Corporation*, No. 1:19-cv-02462-JMS-KMB, 2024 WL 1885848, (S.D. Ind. April 30, 2024). Accordingly, as a matter of law, the sought accommodation is unduly burdensome.

The court in *Kluge* found a similar proposed accommodation was an undue hardship as a matter of law. In *Kluge*, the plaintiff made a similar Title VII failure to accommodate claim as Plaintiff has in the present case. The plaintiff in *Kluge* requested to be able to refer to the students by their last names only. The court in *Kluge* recently granted summary judgment on the "substantial cost" standard for undue hardship, recently established by the Supreme Court in *Groff v. DeJoy*, 600 U.S. 447, 143 S. Ct. 2279, 216 L.Ed.2d 1041 (2023). The school argued in addition to substantial student harm, allowing the accommodation would expose it to an unreasonable risk of liability, thus resulting in undue hardship as a matter of law. The plaintiff in *Kluge* made an almost identical argument as Plaintiff in this case, specifically that "[h]ypothetical litigation does not show undue hardship." *Kluge v. Brownsburg Community School Corporation*, No. 1:19-cv-02462-JMS-KMB, 2024 WL 1885848, at *20 (S.D. Ind. April 30, 2024). The court in *Kluge* rejected the plaintiff's argument. The court recognized that threat of litigation is an undue hardship which relieves an employer of a duty under Title VII to grant a religious accommodation, stating

> **Title VII does not require an employer to grant a religious accommodation that would place it on the "razor's edge" of liability**. *Matthews v. WalMart Stores, Inc.*, 417 F. App'x 552, 554 (7th Cir. 2011). **Rather, "the threat of ... disrupting litigation may in some circumstances constitute undue hardship**." *Minkus*, 600 F.2d at 83 (7th Cir. 1979).

*Id* at 20(emphasis added). The court in *Kluge* noted several successfully litigated claims brought against school districts under Title IX for transgender discrimination. In granting summary judgment, the court in *Kluge* stated

> **The Court finds that the existence of the Last Names Only Accommodation placed BCSC at risk of substantial and disruptive litigation, all the more serious given that Title IX violations place the entire school's funding at risk. The Court finds that the Last Names Only Accommodation, because of its**

12

> **unreasonable risk for substantial and disruptive litigation, imposed substantial increased costs on BCSC and was hence an undue burden as a matter of law, both independently and when viewed in combination with the harm and disruption to the school's business**.
>
> ***
>
> As the Supreme Court held in *Groff*, undue hardship is to be viewed within the context of a particular business, not a particular employee. **The Court compares the cost to BCSC's mission, not Mr. Kluge's. BCSC could either support its transgender students in pursuit of its mission and comply with the law, or accede to Mr. Kluge's accommodation and risk harm to students and the learning environment and/or substantial and disruptive litigation.** As BCSC explained to its teachers, its "goal is not to change your personal beliefs"; rather, "when you work in a public school, you sign up to follow the law." [Filing No. 120-20 at 4; Filing No. 120-20 at 10.] **The law of Title VII does not require BCSC to continue an accommodation that actually resulted in substantial student harm, and an unreasonable risk of liability, each sharply contradicting the school's legally entitled mission to foster a supportive environment for *all*. The Last Names Only Accommodation was an undue burden to BCSC as a matter of law.**

Id. at *22 (emphasis added).

Plaintiff's Complaint only alleges the School District discriminated against her for not granting one accommodation, namely, "Plaintiff's request to use legal names, last names, or gender conforming names, consistent with her religious beliefs." Plaintiff's Complaint, ¶ 183 [Doc. 1]. In her Response, Plaintiff improperly alleges a new accommodation was denied, namely "the transfer of a male identifying student to a health class consistent with their identity." However, this new accommodation would clearly be discriminatory because it would move trans-male students out of her girl's PE class but would not move trans-females into her class. Plaintiff's new requested accommodation is to kick all transgender students out of her class. It is difficult to imagine a more discriminatory practice. If a teacher's religious beliefs forbid mixing of races, it would clearly be illegally discriminatory to accommodate the teacher by kicking all

minority students out of the teacher's class. Plaintiff's proposed accommodation is just as flagrantly discriminatory and illegal and would be an undue hardship as a matter of law.[4]

Just as the requested accommodation in *Kluge*, Plaintiff's requested accommodations would expose the School District to litigation and place the School District's federal funding at risk. Accordingly, just as in *Kluge*, Plaintiff's requested accommodations are an undue burden as a matter of law.

### D. Count VI Fails to State a Claim because Plaintiff has not Pled she Engaged in any Protected Activity Under Title VII.

Plaintiff alleges she engaged in only one protected activity--"her request for accommodation and exercise of her religious beliefs and practices." Plaintiff's Complaint, ¶ 190 [Doc. 1]. In her Response, Plaintiff implicitly concedes requesting religious accommodation is not a protected activity under Title VII. Faced with this reality, Plaintiff improperly alleges in her Response, for the first time, she engaged in protected activity by submitting a rebuttal letter. Plaintiff's opposition to a School District's directive is not a protective activity. "Simply refusing to comply with the conflicting employment requirement is not 'oppos[ing]' an unlawful 'practice' under Title VII." *See Equal Emp. Opportunity Comm'n v. Kroger Ltd. Partnership I*, 608 F. Supp. 3d 757, 790 (E.D. Ark. 2022). Plaintiff does not allege she ever accused the School District of discrimination or accused the School District's directive of being discriminatory. Her opposition had nothing to do with alleged discrimination. Instead, Plaintiff simply did not agree with/refused to comply with the directive. As noted above, such refusal is not an activity protected under Title VII.

---

[4] Even if the accommodation included transferring trans-female students to Plaintiff's class it would not address her alleged religious objection since she would still be forced to refer to the trans-female students by their preferred names and pronouns.

14

**E. Counts VII and VIII Fail to State a Claim because the MHRA is Plaintiff's Exclusive State Law Remedy for Claims Against Her Employer and the RFRA does not Apply to the Defendants or the Directive.**

Plaintiff's Response does not dispute the fact that the RFRA explicitly does not apply to Defendants or to the School District's directive, since none of them are a state or local law, resolution or ordinance, nor are they an implementation of such laws, resolutions or ordinances. Similarly, Plaintiff's Response fails to dispute the RFRA does not apply because the directive was a rule of general applicability and did not discriminate against religion or among religions.

In her Response, Plaintiff states as a conclusion without facts or reasoning "Plaintiff's damages did not entirely arise out of employment, and that subset of damages is permitted under Title VII." That is simply false. All of her damages arise out of her employment. Plaintiff fails to identify any damage she has sustained that did not arise out of her employment (because she cannot).

Plaintiff mischaracterizes Defendants' arguments as being based on an analogy between the MHRA and MRFRA to the relationship between the Title VII and RFRA. This is a complete misinterpretation of the basis of Defendants' Motion. Defendants' Motion regarding these claims is based on Missouri law, specifically *Brandon v. Bd. of Educ. of City of St. Louis*, 2023 WL 4104293 at *19 (E.D. Mo. 2023), which found claims could not be brought by an employee against an employer under the RFRA as the claims are preempted by the MHRA declaration that it is the exclusive remedy for claims arising out of the employment relationship. The *Brandon* court went to great lengths to discuss whether the MHRA pre-empted claims under §1.302 RSMo. The court ultimately found

> the text of the Missouri Human Rights Act clearly purports to offer, along with two other statutes, the *exclusive* remedy for claims arising from an employment relationship. § 213.070 RSMo. The Court cannot, even if it wanted to, "engraft" onto the Missouri

> Human Rights Act a MRFRA exception or a provision stating that
> the Act bars only common-law claims.[5]

*Id*. at *19. *Brandon* makes clear Plaintiff cannot bring this cause of action in the employment context. Her sole remedy for her claim is the MHRA. Extending the reasoning of the *Brandon* decision to Plaintiff's claim under Missouri Student Religious Liberties Act (§160.2500 RSMo), this claim should also be dismissed.

### F. Count X Should be Dismissed Based on Qualified Immunity

Plaintiff argues without any legal support she "has a clearly established right to be free of compelled third-party speech as a teacher." Plaintiff's conclusory statement is insufficient as a matter of law to defeat qualified immunity. As explained by the Eighth Circuit

> We've identified three ways in which a plaintiff can show that law is clearly established. **She may identify existing circuit precedent involving sufficiently similar facts that squarely governs the situation. Or a plaintiff may point to "a robust consensus of cases of persuasive authority" establishing that the facts of her case make out a violation of clearly established right. Finally, a plaintiff may show, in rare instances, that a general constitutional rule applies with "obvious clarity" to the facts at issue and carries the day for her**. *See Boudoin v. Harsson*, 962 F.3d 1034, 1040 (8th Cir. 2020); *see also District of Columbia v. Wesby*, —— U.S. ——, 138 S. Ct. 577, 590, 199 L.Ed.2d 453 (2018). The principle at the heart of these approaches is that state actors are liable only for transgressing bright lines, not for making bad guesses in gray areas. *Boudoin*, 962 F.3d at 1040.

*L.G. through M.G. v. Columbia Pub. Sch*., 990 F.3d 1145, 1147–48 (8th Cir. 2021).

Plaintiff has failed to establish the existence of a clearly established constitutional right which was violated by the conduct of the individually named Defendants by any of the three ways identified by the Eighth Circuit. Plaintiff has failed to (1) "identify existing circuit precedent involving sufficiently similar facts that squarely governs the situation," (2) "point to a

---

[5] Due to an inadvertent formatting error, the quotation from *Brandon* in the Suggestions in Support was incorrectly cited. The quotation consisted of two sentences. The first sentence was correctly quoted; however, the second sentence was argument by counsel and not part of the quoted decision. Defendants apologize for this error.

robust consensus of cases of persuasive authority establishing that the facts of her case make out a violation of clearly established right," or (3) show "that a general constitutional rule applies with obvious clarity to the facts at issue and carries the day for her." Not only has Plaintiff failed to establish the existence of a clearly established constitutional right which was violated by Defendants Obeng and Jordan by any of the three ways identified by the Eighth Circuit, as recognized in *Kluge*, the directive regarding student names is necessary to comply with federal law and to avoid litigation and possible loss of federal funding. Accordingly, as a matter of law, Defendants Jordan and Obeng are entitled to the protections afforded by Qualified Immunity.

### III.  CONCLUSION

For the reasons set forth above, the Defendants are entitled to dismissal of all remaining claims brought against them by Plaintiff. Plaintiff's claims are substantially identical to those in *Kluge* and *Willey*. Just as the federal courts did in *Kluge* and *Willey*, the Court should reject Plaintiff's arguments and dismiss Plaintiff's claims.

Respectfully submitted,

**FISHER, PATTERSON, SAYLER & SMITH, LLP**

/s/ Paul F. Gordon
_____
Steven F. Coronado          MBN 36392
Paul F. Gordon              MBN 47618
9393 W. 110th, #300
Corporate Woods, Bldg. 51
Overland Park, KS 66210
Telephone:  (913) 339-6757
Facsimile:   (913) 660-7919
scoronado@fpsslaw.com
pgordon@fpsslaw.com

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing was filed via the ECF Filing system on May 14, 2024, which will send notice to:

Jonathan R. Whitehead
Law Offices of Jonathan R. Whitehead, LLC
229 S.E. Douglas St., Ste. 210
Lee's Summit, Mo 64063
816.398.8305 - Phone
816.278.9131 – Fax
Jon@whiteheadlawLLC.com
Attorney for Plaintiff Bachman

                                                 */s/* Paul F. Gordon
                                                 ATTORNEY FOR DEFENDANTS